UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO: 8:23-cr-210-CEH-AEP

SARAH ANN BIRDSELL
_____/

**O R D E R**

This matter comes before the Court on Defendant Sarah Ann Birdsell's *pro se* Motion for Jail Credit (Doc. 46). In her motion, Defendant requests the Court grant her jail time credit. No response from the Government is needed regarding this motion. Having considered the motion and being fully advised in the premises, the Court will dismiss Defendant's Motion for Jail Credit for lack of jurisdiction.

Defendant is serving a fifty-four-month sentence following a plea agreement in which she pled guilty to one count of Possession of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3), and two counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Docs. 22, 24, 40. She is incarcerated at Tallahassee FCI in Florida and has an expected release date of May 31, 2028. *See* https://www.bop.gov/inmateloc/ (last accessed April 8, 2026).

Defendant requests the Court credit her time in custody in Pinellas County jail from August 7, 2023, until February 2, 2024. Doc. 46. Defendant contacted the Federal Bureau of Prisons ("BOP") in an attempt to resolve this matter but her time in

county custody remains uncredited. *Id.* Defendant provides her letter to BOP in support. *Id.*

Decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. The Supreme Court has held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Coates*, 775 F. App'x. 669, 670–71 (11th Cir. 2019) (citing United States v. Wilson, 503 U.S. 329, 334 (1992)). Instead, the Bureau of Prisons has the authority to make that determination. *United States v. Hardy*, 672 F. App'x 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which [s]he is entitled.") (citation omitted). If the BOP declines to award credit, she may pursue a "claim through the Bureau's Administrative Remedy Program." *United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq). After she has exhausted the administrative remedy procedures through the BOP, if she is dissatisfied with the result, she may seek judicial review of the credit computation by way of a petition pursuant to 28 U.S.C. § 2241 in the federal district court in the district where she is incarcerated. *Id.*; *see Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).

Defendant has contacted the BOP regarding the issue of credit computation. Doc. 46 at 3. However, Defendant has not provided any evidence that the BOP has issued a decision yet. Even if the BOP had issued a decision, Defendant must pursue

2

her claim through the Bureau's Administrative Remedy Program. After she has done that and if she is still dissatisfied with the result, she may seek judicial review of the denial in the federal district court in the district where she is incarcerated. Defendant is incarcerated in Tallahassee, Florida so the appropriate district court for her to seek relief—following exhaustion of the BOP's administrative remedy procedures—would be the United States District Court for the Northern District of Florida.

Accordingly, it is hereby

**ORDERED**:

1.     Defendant Sarah Ann Birdsell's Motion for Jail Credit (Doc. 46) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** in Tampa, Florida on April 8, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Sarah Ann Birdsell, pro se

3